# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| JENNIFER MATHERS, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) No. 2:17-cv-00062-JHR ) |
| NANCY A. BERRYHILL,<br>*Acting Commissioner of Social Security,* | ) ) ) |
| Defendant | ) ) |

## *MEMORANDUM DECISION*[1]

This Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ erred by declining to admit late-tendered evidence, and made findings regarding the plaintiff's residual functioning capacity ("RFC") and credibility that were not supported by substantial evidence. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 14) at 1. I conclude that the ALJ acted within her discretion by declining to admit the late-tendered evidence and that her RFC and credibility findings were supported by substantial evidence. Accordingly, I affirm the commissioner's decision.

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 21.

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff had the severe impairments of lumbar disc herniation with radiculopathy, morbid obesity, status post knee arthroscopy, personality disorder, post-traumatic stress disorder, bipolar disorder/depression, and attention deficit hyperactivity disorder, Finding 2, Record at 39; that she had the RFC to perform light work as defined in 20 C.F.R. § 416.967(a) except that she could occasionally climb ramps and stairs, ladders, ropes, and scaffolds and occasionally balance, stoop, kneel, crouch, and crawl, was limited to simple, routine tasks, and should have no interaction with the public, Finding 5, *id*. at 42; that, considering her age (26 years old, defined as a younger individual, on the date her SSI application was filed, August 14, 2013), education (limited), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 6-9, *id*. at 49; and that she, therefore, had not been disabled from August 14, 2013, through the date of the decision, December 29, 2015, Finding 10, *id*. at 50. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff's primary contention on appeal is that the ALJ abused her discretion by declining to admit late-tendered medical evidence in the form of a treating source's Medical Source Statement ("MSS"). *See* Statement of Errors at 6-8. She also challenges the ALJ's RFC finding, arguing that she gave undue weight to the opinions of agency nonexamining consultants, and her credibility determination, arguing that it is unsupported by substantial evidence. *See id*. at 14-19. For the reasons that follow, I find no error.

### A. Exclusion of Post-Hearing Evidence (Woelflein MSS)

The plaintiff's administrative hearing was held on December 2, 2015. *See* Record at 67. By Notice of Hearing dated August 28, 2015, the ALJ informed the plaintiff, in bold typeface, that she "may decline to consider" any evidence submitted "later than 5 business days before the date of [the] hearing . . . unless the late submission falls within a limited exception." *Id*. at 175.

At the hearing, the plaintiff testified that she was prescribed medication to treat her back pain by her primary care physician, Kendra Emery, D.O., and that she had previously received the prescriptions from Karyn Woelflein, M.D. *See id*. at 75. At the close of the hearing, the ALJ noted that she had received "recent records from Dr. Woelflein" and inquired of plaintiff's counsel whether "records" from the plaintiff's "primary care doctor[,]" who had taken over her care from Dr. Woelflein, had been filed. *Id*. at 95-96. The plaintiff's counsel responded that he had recently

3

received "two office notes from Dr. Emery" but had not filed them because "I would not have gotten them in within the five-day limit." *Id*. at 96. The ALJ asked counsel if the two notes from Dr. Emery were the "only records" in counsel's "possession" that had not been submitted, and when counsel said yes, she told him to "send them in[,]" stating that he should do so "today or tomorrow." *Id.* at 96-97.

The plaintiff's counsel then commented, "[M]y experience has been that if I can't get them in within the five-day deadline they're not admitted so that's why I didn't send them in." *Id*. at 97. The ALJ responded, "[I]f you have me again, you should go ahead and send them in[,]" adding, "I mean I'll rule on them if for some reason I think they shouldn't be admitted, but you can go ahead and send them in, okay?" *Id*.

That day, the plaintiff's counsel filed two progress notes authored by Dr. Emery, which the ALJ admitted as evidence. *See id*. at 36, 1046-53. However, two days later, he also filed an MSS by Dr. Woelflein, dated the day after the hearing. *See id*. at 36; Woelflein MSS (ECF No. 13). The ALJ "decline[d] to admit" the Woelflein MSS because it "was submitted late and no reason was provided to explain why it was submitted late." Record at 36. As a result, she noted, the plaintiff had failed to satisfy the requirements of 20 C.F.R. § 405.331(c). *See id*. In the alternative, the ALJ found that the Woelflein MSS would have been given "little weight" if it had been admitted. *Id*. at 48.

The plaintiff contends that the ALJ's refusal to admit the Woelflein MSS amounts to an abuse of discretion in light of her decision to admit Dr. Emery's two progress notes. *See* Statement of Errors at 7. The commissioner counters that the ALJ did not abuse her discretion in making a straightforward finding that, as to the Woelflein MSS, the plaintiff fell short of making the requisite

4

showing. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 18) at 3-7. I agree.

Section 405.331 requires that claimants "submit any written evidence no later than 5 business days before the date of the scheduled hearing[,]" failing which an ALJ "may decline to consider the evidence unless the circumstances described in paragraphs (b) or (c) of this section apply." 20 C.F.R. § 405.331(a).[2]

An ALJ will admit evidence submitted "after the hearing and before the hearing decision is issued" if a claimant shows both "that there is a reasonable possibility that the evidence, alone or when considered with the other evidence of record, would affect the outcome of [the] claim, and" either: (1) the claimant was "misled" by an "action" of the commissioner, (2) the claimant was "prevented . . . from submitting the evidence earlier" due to "a physical, mental, educational, or linguistic limitation(s)[,]" or (3) some "other unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control prevented [the claimant] from submitting the evidence earlier." 20 C.F.R. § 405.331(c).

The plaintiff does not argue that the ALJ should have found circumstances mandating the admission of the Woelflein MSS under paragraph (c). *See* Statement of Errors at 6-8. Rather, she argues that the ALJ abused her discretion by admitting the Emery progress notes while declining to admit the Woelflein MSS, asserting that, in light of "the ALJ's specific request for updated information, the relevance of the [Woelflein MSS], and the ALJ's practice of accepting late arriving evidence, the decision to exclude [the MSS] appears arbitrary, irrational and biased." *Id*.

---

[2] Effective January 17, 2017, the commissioner removed and reserved 20 C.F.R. Part 405. *See* Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 Fed. Reg. 90987, 90994 (Dec. 16, 2016). At the same time, she revised existing regulations pertaining to the submission of evidence prior to a hearing before an ALJ, 20 C.F.R. §§ 404.935 and 416.1435, to incorporate a modified version of a five-day rule. *See id*. at 90993, 90995. For purposes of review of the instant decision, which issued on December 29, 2015, *see* Record at 51, 20 C.F.R. § 405.331, which was then in effect, applies.

at 7 (citing 20 C.F.R. § 416.1440; Social Security Ruling 13-1p ("SSR 13-1p")). The plaintiff contends that the ALJ's request for evidence at the close of the hearing applied to "all relevant material" and that the date on the Woelflein MSS sufficiently accounted for the tardiness of its submission. *Id.* at 6.

The plaintiff fails to demonstrate any abuse of discretion. As a threshold matter, the authorities on which she relies are inapposite. The cited regulation pertains to requests to disqualify an ALJ prior to hearing "if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." 20 C.F.R. § 416.1440. The cited ruling details three separate vehicles provided by the commissioner to address "complaints of unfairness, prejudice, partiality, bias, misconduct, or discrimination by an [ALJ]." SSR 13-1p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2017), at 468.

In any event, even assuming the applicability of SSR 13-1p, the plaintiff fails to demonstrate that the ALJ abused her discretion as that concept is defined therein. *See id*. at 471 ("We will find an abuse of discretion when an ALJ's action is erroneous and without any rational basis, or is clearly not justified under the particular circumstances of the case, such as where there has been an improper exercise, or a failure to exercise, administrative authority.").

Contrary to the plaintiff's assertions, the ALJ's request for documents at the close of the hearing unambiguously applied to Dr. Emery's progress notes for several reasons. First, the ALJ made specific reference to records from the plaintiff's "primary care doctor," Dr. Emery. Record at 95-96. Second, the plaintiff's counsel responded to the ALJ's inquiry by referencing two specific records authored by Dr. Emery that existed on the date of the hearing. *See id*. at 96. Third, the ALJ specifically confirmed with counsel that the Emery progress notes were the only outstanding records in his possession and then instructed him to send them in no later than that day

6

or the next.  *See id*. at 96-97.  Plainly, the ALJ's invitation to submit documents did not extend to the then-nonexistent Woelflein MSS.

Nor does the colloquy that followed indicate that the ALJ abused her discretion in admitting the Emery records but not the Woelflein MSS.  The ALJ merely indicated that, should the plaintiff's counsel appear before her in the future, he should send in untimely materials and she would "rule on them if for some reason [she thought] they shouldn't be admitted[.]"  *Id*. at 97.  In so doing, she expressly reserved the right to rule on the admissibility of all late-tendered evidence besides the two progress notes that the plaintiff's counsel had specifically referenced.  *See id*.

The ALJ then did precisely that with respect to the unexpected, later-tendered Woelflein MSS.  Her declination to admit that document after having admitted the Emery materials hardly signaled bias or abuse of discretion: the two sets of documents did not stand on equal footing.  Whereas the plaintiff's counsel had informed the ALJ at hearing that he possessed the Emery records and explained why he had not submitted them, *see id*. at 97, he did not mention at hearing that he had sought an MSS from Dr. Woelflein, *see id*. at 95-97, and offered no reason whatsoever for its tardy submission, *see id*. at 36.[3]  In the circumstances, the ALJ's declination to admit the Woelflein MSS comported with both the letter and the spirit of section 405.331:

> [T]he language of section 405.331 is clear.  An [ALJ] has no obligation to accept late-tendered evidence unless good cause is shown. . . .  [T]he concern that led to the promulgation of section 405.331 [was] that "the late submission of evidence to the administrative law judge significantly impede[d] [the commissioner's] ability to issue hearing decisions in a timely manner."

---

[3] As the commissioner argues, *see* Opposition at 4-5, the ALJ was not obliged to accept the self-evident fact that the Woelflein MSS had been created post-hearing as an adequate excuse for its tardiness where Dr. Woelflein had treated the plaintiff since March 2015 and the plaintiff's counsel had not mentioned at hearing that he had requested that she provide an MSS.

7

*Newcomb v. Astrue*, No. 2:11-cv-02-GZS, 2012 WL 47961, at *10 (D. Me. Jan. 6, 2012) (rec. dec., aff'd Jan. 24, 2012) (quoting Administrative Review Process for Adjudicating Initial Disability Claims, 71 Fed. Reg. 16424, 16434 (Mar. 31, 2006)).

The plaintiff, accordingly, fails to demonstrate that remand is warranted on this basis.[4]

## B. Reliance on Agency Nonexamining Consultants To Determine RFC

The plaintiff next challenges the ALJ's reliance on agency nonexamining consultants in determining her RFC. *See* Statement of Errors at 14-15.

She asserts that (i) no agency doctor or psychologist deemed her depression a medically determinable impairment, (ii) at the initial level of review, Donald Trumbull, M.D., made no mention of depression, and Peter G. Allen, Ph.D., noted merely that an office note from a licensed clinical social worker dated September 12, 2013, referenced a "depressed/anxious" mood, and, (iii) at the reconsideration level, neither J.H. Hall, M.D., nor Brian Stahl, Ph.D., mentioned depression. *Id*. at 14. She argues that Dr. Allen's sole reference to depression is insufficient because Dr. Allen failed to explain the significance of the entry and is not a medical doctor and, therefore, is unqualified to render an opinion about its effects on her physical impairments. *See id*. She contends that this is reversible error, particularly in light of Social Security Ruling 02-1p ("SSR 02-1p"). *See id*.

She adds that the agency nonexamining physicians failed to provide any meaningful discussion of her chronic pain, asserting that neither one acknowledged her diagnosis of chronic pain syndrome, discussed the significance of ongoing opiate prescriptions, mentioned increased opiate dosages, or mentioned her complaints of constant pain. *See id*. She contends that their

---

[4] The plaintiff further argues that (i) the ALJ failed to give good reasons for assigning little weight to the Woelflein MSS had she admitted it, and (ii) the Woelflein MSS is outcome-determinative. *See* Statement of Errors at 8-14. Because I find that the ALJ did not err in excluding the Woelflein MSS, I need not reach these additional arguments.

8

assessments were inconsistent with those of treating providers and that they provided no meaningful analysis to support their findings. *See id*. at 14-15.

The commissioner persuasively counters, however, that the plaintiff falls short of demonstrating that the ALJ erred in assigning great weight to the Trumbull, Allen, Hall, and Stahl opinions or that any error was harmful. *See* Opposition at 10-14; Record at 46-48.

First, Dr. Allen, a psychologist, was in fact qualified to evaluate the significance of record references to depressive symptoms. *See, e.g.*, Social Security Ruling 96-6p ("SSR 96-6p"), reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2017), at 129 ("State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the [Social Security] Act.").

Second, while Dr. Allen did not find a medically determinable impairment of depression, he deemed the evidence "consistent with mixed personality pathology, including depressive, antisocial & borderline features." Record at 129.

Third, Dr. Allen took into account "variable moods & pain" in formulating his RFC opinion, noting that those symptoms "may reduce [the plaintiff's] ability to retain complexities." *Id*. at 133. Both he and Dr. Stahl limited the plaintiff to the performance of simple tasks, *see id*. at 133, 150, and the ALJ adopted that limitation, *see* Finding 4, *id*. at 42.

Fourth, as the commissioner observes, *see* Opposition at 10-12, the ALJ discussed in detail the evidence that she judged consistent with agency nonexamining consultants' opinions, including the objective medical evidence, the plaintiff's activities of daily living, and the report of agency examining consultant Edward Quinn, Ph.D., *see* Record at 42-49. In summarizing her findings overall, she also expressly considered the extent to which the plaintiff's comorbidities

9

affected her physical and mental functions. *See, e.g., id.* at 49 ("[G]iven the [plaintiff's] back and knee impairments, in combination with her obesity, the [plaintiff] has been limited to light work with postural limitations. Further, given the [plaintiff's] mental impairments in combination with her pain complaints, the [plaintiff] has been limited to simple work without contact with the general public.").

Finally, as the commissioner argues, *see* Opposition at 14, even assuming that Drs. Trumbull, Hall, Allen, and Stahl could have provided a more detailed analysis of the plaintiff's depressive symptoms or pain, the plaintiff has identified no limitation that was omitted from the ALJ's RFC determination as a result, *see* Statement of Errors at 14-15. Absent such a showing, remand is unwarranted on this basis. *See, e.g., Purdy v. Colvin*, No. 1:15-cv-330-JDL, 2016 WL 2770520, at *4 (D. Me. May 13, 2016) (rec. dec., *aff'd* Sept. 13, 2016) (no reversible error when agency nonexamining consultants may not have been aware of alleged impairments but claimant failed "to specify any [resulting] limitations and . . . tie them to specific medical evidence and opinion").

### C. Credibility Determination

The plaintiff finally contends that the ALJ's adverse credibility determination was unsupported by substantial evidence, in particular, her findings regarding the plaintiff's inability to lose weight, alleged drug-seeking behavior, and failure to follow through with various treatments. *See* Statement of Errors at 15-18. She adds that the ALJ relied on isolated physical activities that were not indicative of ongoing functional capacity and omitted to mention evidence supporting her claims. *See id.* at 18-19. I find no reason to disturb the ALJ's credibility determination.

In cases involving an alleged disability based on a claimant's complaints of subjective symptoms, such as pain, the claimant's credibility is a paramount consideration. *See, e.g., Nguyen v. Chater*, 172 F.3d 31, 34 (1st Cir. 1999). The ALJ faithfully applied the two-step process prescribed by 20 C.F.R. § 416.929, first determining that the plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but then finding that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible[.]" Record at 43.

Pursuant to Social Security Ruling 96-7p ("SSR 96-7p"), a "determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2017), at 133.[5]

"The credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings." *Frustaglia v. Sec'y of Health & Human Servs.*, 829 F.2d 192, 195 (1st Cir. 1987).

At oral argument, the plaintiff's counsel pressed only the point that the ALJ had drawn an improper adverse credibility inference based on his client's inability to lose weight, conceding that her reliance on the plaintiff's failure to take her medications as prescribed was proper.

---

[5] SSR 96-7p was rescinded and replaced by Social Security Ruling 16-3p ("SSR 16-3p") effective March 16, 2016. *See* Social Security Ruling 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166, 14166 (Mar. 16, 2016). However, because this court has declined to apply SSR 16-3p retroactively, it does not apply to the ALJ's December 29, 2015, decision. *See Coskery v. Berryhill*, No. 1:16-cv-00477-NT, 2017 WL 2417847, at *1, 4 (D. Me. June 4, 2017) (rec. dec., *aff'd* July 7, 2017), *appeal docketed*, No. 17-1886 (1st Cir. Sept. 7, 2017).

That is fatal to her bid for remand on this basis, the ALJ having offered a number of reasons for her adverse credibility finding.[6] *See, e.g., Flood v. Colvin*, No. 15-2030, 2016 WL 6500641, at *1 (1st Cir. Oct. 20, 2016) (even assuming that ALJ erred in considering claimant's drug-seeking behavior in assessing his credibility, "any error would be harmless because substantial evidence of record supports the ALJ's credibility determination"); *Coskery*, 2017 WL 2417847, at *4 ("As a threshold matter, . . . the credibility determination passes muster because the plaintiff does not challenge several of the bases on which it rests[.]"); *Little v. Colvin*, No. 2:13-CV-365-GZS, 2014 WL 5782457, at *8 (D. Me. Nov. 6, 2014) (ALJ's credibility determination "easily survive[d] the applicable, deferential standard of review, both because the plaintiff d[id] not challenge all relevant credibility findings and because the ones that he d[id] challenge . . . withst[oo]d scrutiny.").

In any event, as the commissioner argues, *see* Opposition at 17-19, the ALJ's finding regarding the plaintiff's weight loss is supported by substantial evidence. While the plaintiff testified at hearing that being on food stamps and being homeless made it difficult for her to stick to a special diet and that her physical pain made it difficult for her to exercise on a regular basis, *see* Record at 85-87, the ALJ concluded that the "record" – presumably meaning the documentary record – did not explain why she had been unable to lose much weight despite her providers' recommendations that she do so, *see id*. at 45. Further, the ALJ noted that at least one record reflected that the plaintiff was making no effort to lose weight. *See id*.

---

[6] Specifically, the ALJ found that (i) the plaintiff "was often described as having a normal gait, normal motor function, and intact sensation[,]" (ii) "medical records reflect[ed] that [she] was performing cleaning and moving," (iii) she had "received relatively conservative treatment for her back complaints[,]" (iv) her medications "helped to control her pain" when "taken properly," (v) her treating providers did not recommend back surgery but did recommend weight loss and/or bariatric surgery; yet, she did not lose a significant amount of weight, the record did not reveal why, and at least one record indicated that she "was making no effort to lose weight[,]" (vi) she often failed to take her prescription drugs correctly, with testing revealing that at times she was not taking them and at other times she had other drugs in her system, and (vii) she testified that she did not remember having any improper urine screenings. Record at 45.

In challenging this finding, the plaintiff points to additional reasons why she had difficulty losing weight, including that she had no regular transportation to attend recommended aqua therapy or income to pay for a gym membership and told one provider in January 2015 that she had had no teeth for almost a year and wished she had dentures so that she could eat healthy foods. *See* Statement of Errors at 16. However, as the commissioner points out, *see* Opposition at 18, the ALJ inquired at hearing whether there were any reasons besides being on food stamps, being homeless, and having physical pain that made it difficult for the plaintiff to lose weight, and she responded, "No[,]" Record at 87.

The ALJ's credibility determination, accordingly, survives the applicable, deferential standard of review.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED.**

Dated this 23rd day of February, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge